IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NICHOLE KUBALL

and

JENNIFER LEES,

    Plaintiffs,

v.                                  Case No.: 4:13-cv-00694

4 CORNERS RESIDENTIAL SERVICES, LLC

and

RODERICK HORTON,

    Defendants.

_____/

**ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

    COME NOW the Plaintiffs, NICHOLE KUBALL and JENNIFER LEES, by and through their undersigned counsel, and sue the Defendants, 4 CORNERS RESIDENTIAL SERVICES, LLC and RODERICK HORTON, for minimum wage and overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

    1.    Plaintiffs NICHOLE KUBALL and JENNIFER LEES are individuals residing in Plano, Texas.

    2.    Defendant 4 CORNERS RESIDENTIAL SERVICES, LLC is a corporation formed and existing under the laws of the State of Texas and which maintains and operates its business in Plano, Texas.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint Defendant 4 CORNERS RESIDENTIAL SERVICES, LLC was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint it regularly engaged in commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. §1391, as the the Parties reside in the Eastern District of Texas and the facts giving rise to this claim occurred in the Eastern District of Texas.

4. Defendant RODERICK HORTON is an individual residing in Texas who at all times relevant to this claim acted directly or indirectly in the interest of Defendant 4 CORNERS RESIDENTIAL SERVICES, LLC in relation to Plaintiffs' employment there, and was substantially in control of the terms and conditions of the Plaintiffs' work. Defendant RODERICK HORTON was Plaintiffs' employer as defined by 29 U.S.C. 203(d).

5. Plaintiff NICHOLE KUBALL worked for Defendants as a caregiver from on or about February 12, 2013 to on or about September 15, 2013. Plaintiff JENNIFER LEES worked for Defendants as a caregiver from March to May of 2013.

6. During one or more weeks of Plaintiffs' employment with Defendants, Defendants intentionally failed to pay Plaintiffs the federally mandated minimum wage for each hour worked during the workweek.

7. During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked more than forty hours ("overtime hours").

8. During the weeks in which Plaintiffs worked overtime hours, Defendants intentionally and willfully failed to pay Plaintiffs one and one-half times their regular rate for each overtime hour worked.

## COUNT I
## (MINIMUM WAGE)

9. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 6.

10. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek.

11. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of unpaid minimum wage that Defendant failed to pay Plaintiff.

12. Because of Defendant's violation of the FLSA, Plaintiffs are entitled to an additional amount equal to the amount of unpaid minimum wage as liquidated damages.

13. Plaintiffs are also entitled to compensation for the out-of-pocket expenses and costs of court incurred in the present action, as well as reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (OVERTIME)

14. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 5 and 7 through 8 above.

15. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty

(40) per workweek. Defendants willfully denied Plaintiffs' right to overtime compensation under the FLSA.

16. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of unpaid overtime compensation that Defendant failed to pay Plaintiff.

17. Because of Defendant's violation of the FLSA, Plaintiffs are entitled to an additional amount equal to the amount of unpaid overtime compensation as liquidated damages.

18. Plaintiffs are also entitled to compensation for the out-of-pocket expenses and costs of court incurred in the present action, as well as reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that:

A) The Court assume jurisdiction of this cause and that Defendants be cited to appear;

B) The Court find Defendants jointly and severally liable and award the damages specified above to Plaintiffs;

C) The Court award reasonable and necessary attorneys' and expert fees and costs;

D) The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiffs further pray for any such other relief as the Court may find proper, whether at law or in equity.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of all the issues and facts in this case.

Respectfully submitted,

**ROSS LAW GROUP, P.C.**

By:

/s/ Charles Scalise
**Charles L. Scalise**
Attorney in Charge
Texas Bar No. 24064621
**Vijay A. Pattisapu**
Texas Bar No. 24083633
**Daniel B. Ross**
State Bar No. 00789810
540 E. Pleasant Run Road
DeSoto, TX 75115
Telephone: (214) 716-4597
Facsimile: (855) 867-4455
vijay@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFFS**